Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7119 | **DATE** | 8/23/2001 |
| **CASE TITLE** | AMSTED INDUSTRIES, INC. vs. ABC-NACO, INC. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Amsted's motion for summary judgment on the '114 patent [54-1] is granted. Judgment is entered for plaintiff Amsted Industries, Inc. and against defendant ABC-NACO on the issue of infringement of U.S. Patent No. 5,954,114. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | AUG 24 2001 date docketed | 66 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | 8/23/2001 date mailed notice | |
| SB | courtroom deputy's initials | FILED FOR DOCKETING  01 AUG 23 PM 4: 45  Date/time received in central Clerk's Office | CB mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMSTED INDUSTRIES, INC. | ) | |
| | ) | |
| Plaintiff, | ) | No. 00 C 7119 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| ABC-NACO, INC. | ) | |
| | ) | |
| Defendants. | ) | |

DOCKETED
AUG 2 4 2001

## MEMORANDUM OPINION AND ORDER

Amsted Industries, Inc. ("Amsted") sues ABC-NACO, Inc. ("ABC-NACO") for infringement of U.S. Patent Nos. 5,752,564 ("patent '564") and 5,954,114 ("patent '114"). ABC-NACO counterclaims for declaratory judgment of noninfringement, unenforceability, and invalidity of the patents under 35 U.S.C. §§ 101 ("§ 101") and 112 ("§ 112"). Amsted moves for summary judgment on infringement of patent '114, pursuant to Fed.R.Civ.P. 56.

## BACKGROUND

I.   **The parties**

All facts are undisputed unless otherwise noted. Amsted is a Delaware corporation with its principal place of business in Chicago, Illinois. ABC-NACO is a Delaware corporation with its principal place of business in Downers Grove, Illinois. Both companies manufacture and sell sideframes and bolsters used in railway trucks. Sideframes and bolsters are cast using a mold and several cores. Cores define the inside surfaces of the sideframes and bolsters.

1



## II. Patent '114

Patent '114, a continuation of patent '564, pertains exclusively to bolster manufacturing methods. The patent has four independent claims, namely claims 1, 6, 9, and 15. Claims 1 and 9 are directed at improving bolster center core manufacturing. Claims 6[1] and 15 are directed at improving bolster end core manufacturing.

In manufacturing the bolster, the product's exterior is defined by the mold cavity. Cores are arranged inside the mold cavity to define the bolster interior. Molten metal is poured inside the mold to fill the space between the cores and the mold cavity. The bolster is subsequently removed from the mold and separated from the cores. Once the cores are removed, the bolster has open spaces in the areas where the cores were positioned.

In describing the field of invention, patent '114 states, "[T]he present invention reduces the number of cores needed to make sideframes and bolsters, to improve the efficiency of production to produce sideframes and bolsters of consistent quality." Plaintiff's Appendix in Support of Summary Judgment Motion ("Pl. Appdx."), Ex. A at col. 2-3. The invention reduces the number of cores needed to make a portion of the bolster to three, namely two end cores and a center core. Amsted contends ABC-NACO's railway truck bolster assemblies having model numbers 53112 and 53115 ("the 53112 and 53115 bolsters") literally infringe claims 1-20 of patent '114.

---

[1]Claim 6 was claim 5 prior to amendment.

## III. The 53112 and 53115 bolsters

In manufacturing the 53112 and 53115 bolsters, ABC-NACO uses a middle core and two side cores.[2] The middle core has a pair of tabs at each end. The side cores each have a pair of slots that join with the tabs at each end of the middle core. The side pieces are slid inward toward the middle core and joined together as they are placed in a fixture. The three pieces are held together with a clamping device before being placed in the mold. The clamped-together cores and additional cores are then placed in the mold. ABC-NACO contends the clamped-together cores form a unitary core.

## DISCUSSION

### I. Summary judgment standard

Summary judgment is appropriate when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *King v. National Human Resource Committee, Inc.*, 218 F.3d 719, 723 (7th Cir. 2000). Once a moving party has met its burden, the non-moving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56 (e); *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986);

---

[2] ABC-NACO refers to "core pieces" rather than "cores." For purposes of clarity, the court will not use the term "pieces." As discussed below, ABC-NACO fails to show that "core pieces" differ significantly from "cores."

3

*Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). "Summary judgment is as appropriate in a patent case an in any other." *Avia Group International, Inc. v. L.A. Gear California, Inc.*, 853 F.2d 1557, 1561 (Fed. Cir. 1988) (internal citations omitted).

**II.     Applicable law**

To prove patent infringement, plaintiffs must show "the presence of every element [of a claim] or its substantial equivalent in the accused device" by a preponderance of the evidence. *Zygo Corporation v. Wyco Corporation*, 79 F.3d 1563, 1568 (Fed. Cir. 1996) (internal citations omitted). Infringement analysis is a two-step process. "First, the claim must be properly construed to determine its scope and meaning. Second, the claim as properly construed must be compared to the accused device or process." *Ekchian v. Home Depot, Inc.*, 104 F.3d 1299, 1302 (Fed. Cir. 1997) (citing *Carroll Touch, Inc. v. Electro Mechanical Sys., Inc.*, 15 F.3d 1573, 1576 (Fed. Cir. 1993)). Claim construction is a matter of law. *Id.* Courts examine the patent and the prosecution history when construing claims. *Id.* Extrinsic evidence is examined when the patent and prosecution history do not provide a clear answer. *Id.* The accused device is not considered when determining the scope of the claim. *Young Dental Manufacturing Company, Inc., v. Q3 Special Products, Inc.*, 112 F.3d 1137, 1141 (Fed. Cir. 1997).

After the claim is properly construed, the trier of fact must apply the claim to the accused device to determine whether infringement occurred. *Ekchian*, 104 F.3d at 1302. "Literal infringement is found where the accused device falls within the scope of the asserted claims as properly interpreted." *Lantech, Inc. v. Keip Machine Company*, 32 F.3d 542, 547 (Fed. Cir. 1994). For literal infringement to be found, every patent limitation must be found in the accused device. *General Mills, Inc. v. Hunt-Wesson, Inc.*, 103 F.3d 978, 981 (Fed. Cir. 1997). Summary judgment

4

based on a finding of infringement is appropriate when a reasonable trier of fact could only conclude that infringement has occurred. *See Karlin Tech. Inc. v. Surgical Dynamics, Inc.*, 177 F.3d 968, 974-75 (Fed. Cir. 1999).

## III. Infringement

### A. Claim construction

ABC-NACO offers evidence that patent '114 is limited to *separate* one-piece center and end cores. The specification explains that the invention makes possible the consolidation of sixteen cores into three cores. Pl. Ex. A, col. 18. The specification further states the bolster can be made with three consolidated cores. *Id.* at col. 16-17. In addition, the specification refers to the bolster having three cores when discussing the minimal number of interior fins and joint lines that will be present. *Id.* at col. 21.

ABC-NACO also points to the prosecution history of patent '114 to show Amsted disclaimed a structural relationship between the three cores. Specifically, the patent examiner asked Amsted to describe how the center core and end cores fit together. In response, Amsted stated:

> As amended, claim 1 does not define the one-piece core by its position in the mold cavity. . . . One of ordinary skill and art would understand that the claim relates to an improvement in a casting process wherein more than one core is used and wherein at least one of those cores is a one-piece center core. One of ordinary skill in the art would also understand that the structure of the other core or cores used with the one-piece center core is not specified in claim 1 because the other core or cores could comprise prior art multiple cores or could comprise one or more one-piece cores.

ABC-NACO's 56.1(b)(3) Facts ("Def. Facts"), Ex. D at 6-7. ABC-NACO offers Amsted's statements regarding claim 5 as further evidence:

> [T]he one-piece end core of claim 5 may be used with a one-piece center core and another one-piece end core, or with multiple cores.

5

> Claim 5 is intended to be broad enough to cover all such methods
> that use a plurality of cores, including at least one one-piece end
> core . . . . Claim 5 does not call for a center core, and since no center
> core is specified in claim 5, it is not seen necessary to define the
> structural relationship between the one-piece end core and any other
> core.

*Id.* at 7. Finally, ABC-NACO points to the undisputed fact that Amsted places its three cores into the mold separately. ABC-NACO asserts this evidence shows Amsted disclaimed a structural relationship between the one-piece center and end cores. The court disagrees. The evidence does not show patent '114 is limited to *separate* one-piece center and end cores. In the prosecution history excerpts cited above, Amsted merely explains that the improved end cores and center core do not depend on any specific structural relationship. Amsted does not assert the center core and end cores must be separate. "A patent applicant only limits claims during prosecution by clearly disavowing coverage." *Yorks Products, Inc. v. Central Tractor Farm & Family Center*, 99 F.3d 1568, 1575 (Fed. Cir. 1996).

The fact that the cores were placed in the mold separately is also irrelevant. Patent '114 does not state that the cores must be placed in the mold separately. In fact, the claim 1 excerpt explicitly states patent '114 does not have a claim limitation regarding how the cores are placed into the mold. The absence of a limitation does not amount to a disclaimer of a structural relationship between the cores. *See Intervet America, Inc. v. Kee-Vet Laboratories, Inc.*, 887 F.2d 1050, 1054 (Fed. Cir. 1989) ("The claims as allowed are what we have to deal with and it is not for the courts to say that they contain limitations which are not in them").

### B. Literal infringement

ABC-NACO asserts the 53112 and 53115 bolsters do not use a *separate* one-piece center core and *separate* one-piece end cores in casting and, thus, do not literally infringe the '114 patent.

6

ABC-NACO offers evidence to show the 53112 and 53115 bolsters use one single unitary core made up of core pieces having a structural relationship. *Id.* at Ex. E, ¶¶ 4, 6. ABC-NACO offers further evidence to show the structural relationship precludes these pieces from being combined with other cores. *Id.* at ¶ 5. Specifically, the middle piece of the core has a pair of tabs at each end. *Id.* at ¶ 7. The side pieces have slots that join with the tabs. *Id.* at ¶ 8. The pieces are clamped together prior to being placed in the mold. *Id.* at ¶ 10.

Even if patent '114 were limited to separate one-piece center and end cores, ABC-NACO would not prevail. Infringement is not avoided merely by gluing two products together, even if the resulting unitary piece is an improvement. *Sutherland Paper Co. v. Auburn Carton Corporation*, 118 F.2d 862, 864 (7th Cir. 1941). *See also Sun Studs, Inc. v. ATA Equipment Leasing, Inc.*, 872 F.2d 978, 989 (Fed. Cir. 1989), *rev'd on other grounds* (citing *Magrath v. Draper Corp.*, 384 F.2d 672, 673 (1st Cir. 1967) (infringement is not avoided by making into one part that which has shown as two). Similarly, infringement may not be avoided merely by clamping products together. The evidence conclusively establishes ABC-NACO did not create a single unitary core from core pieces, but rather clamped together '114 patent core equivalents. ABC-NACO's manufacturing engineer, Doug Smith, repeatedly referred to components of ABC-NACO's bolsters as "cores" rather than "pieces" throughout his deposition testimony. Pl. Appdx., Ex. F, at 140, 143-44, 152, 173. His subsequent references to core "pieces" in his affidavit must be disregarded. *See e.g., Buckner v. Sam's Club, Inc.*, 75 F.3d 290, 292 (7th Cir. 1996) (Affidavit that contradicts prior deposition testimony cannot be used to create genuine issue of material fact). In addition, ABC-NACO's vice president of process technology, Ed Staunch, admitted that ABC-NACO's bolsters consisted of at least three cores. Pl. Appdx., Ex. G at 178. Finally, ABC-NACO submitted a computer model to

7

this court prior to Amsted's motion for summary judgment. This model used different colors to separate the center core from the end core after being joined together. *Id.* at Ex. E. In light of this evidence, no reasonable jury would find that the 53112 and 53115 bolsters are made from one unitary core. The bolsters literally infringe patent '114.

## CONCLUSION

Amsted's motion for summary judgment on the '114 patent is granted.

August 23, 2001

ENTER:

Suzanne B. Conlon
United States District Judge

8